```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                         ORLANDO DIVISION

              Docket No. 6:11-cr-288-Orl-22GJK

. . . . . . . . . . . . . . .
UNITED STATES OF AMERICA       :
                               :          Orlando, Florida
          Plaintiff            :          October 23, 2012
                               :          9:15 a.m.
          v.                   :
                               :
KEMO DOWE                      :
                               :
          Defendant            :
. . . . . . . . . . . . . . .


                  TRANSCRIPT OF SENTENCING
             BEFORE THE HONORABLE ANNE C. CONWAY
                 UNITED STATES DISTRICT JUDGE


APPEARANCES:


For the Plaintiff:   E. Jackson Boggs


For the Defendant:   Roger Weeden



Court Reporter:      Sandra K. Tremel, RMR/CRR
                     407-245-3110




Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.
```

```
 1                    P R O C E E D I N G S
 2             THE COURT:  Case number 2011-288, United States v.
 3   Kemo Dowe.
 4        Could we have appearances, please?
 5             MR. BOGGS:  Good morning, Your Honor.  Jackson
 6   Boggs for the United States.
 7             MR. WEEDEN:  Roger Weeden here for Mr. Dowe to my
 8   right.
 9             THE COURT:  Would you all come forward to the
10   podium, please.
11        Good morning, Mr. Dowe.
12             THE DEFENDANT:  Good morning, ma'am.
13             THE COURT:  On June 26th, 2012, you entered a plea
14   of guilty to count one of the indictment charging you with
15   conspiracy to distribute and possession with intent to
16   distribute cocaine base, cocaine hydrochloride, marijuana
17   and MDMA and BZP in violation of Title 21, United States
18   Code, sections 846, 841(a)(1) and 841(b)(1)(a).
19        We have now reached the stage in the proceeding where
20   it's my duty to address several questions to you and your
21   attorney as well as counsel for the government.
22        Have you had the opportunity to read the presentence
23   report and discuss it with your attorney?
24             THE DEFENDANT:  Yes, ma'am.
25             THE COURT:  Counsel, do you have any objections?
```

```
 1              MR. WEEDEN:  No objections, Judge.  There was --
 2   he pointed out to me there's one more correction we wanted
 3   to have made.  It's on page 72.  It notes to the paragraph
 4   72 -- paragraph -- I'm sorry -- paragraph 73 refers to
 5   Kendra Chestnut as his daughter.  That's his son.
 6              THE COURT:  Okay.  Anything further?
 7              MR. WEEDEN:  No, Your Honor.
 8              THE COURT:  Anything from the government?
 9              MR. BOGGS:  No, Your Honor.
10              THE COURT:  There being objections to the factual
11   statements contained in the presentence report, the Court
12   adopts those statements as its finding of fact and
13   determines that the advisory guidelines are total offense
14   level 34, criminal history category VI; 262 to 327 months
15   imprisonment; five years supervised release; enhanced
16   penalty is 10 years; restitution is not applicable; $17,500
17   to $20 million fine; $100 special assessment.
18       Do you know of any reason why I should not now proceed
19   with the imposition of sentence?
20              MR. WEEDEN:  No, Your Honor.
21              MR. BOGGS:  Your Honor, the enhanced penalty is 20
22   years.
23              THE COURT:  Okay.  Enhanced penalty is 20 years.
24       Do you wish to make a statement or present any
25   information in mitigation?
```

```
 1            MR. WEEDEN:  Judge, it's a very unfortunate
 2   situation we're faced with here today.  Really this is a
 3   sentence that's almost predetermined by the Congress.
 4            THE COURT:  Mr. Boggs decided this sentence by
 5   filing the enhancement for very minor prior convictions.
 6            MR. WEEDEN:  And then -- and so essentially
 7   Congress and the Department of Justice has decided this
 8   sentence.
 9            THE COURT:  Right.
10            MR. WEEDEN:  I have talked to --
11            THE COURT:  This is not my sentence.  This
12   sentence is going to be far higher than it should be.  The
13   10 years would have been questionable as to whether that was
14   reasonably necessary.  Two hundred and forty months, which I
15   have no option but to impose, it's not my sentence.  It's
16   not fair, it's not reasonable, and is a travesty of justice
17   and the Department of Justice should be embarrassed to have
18   filed that enhancement.  I think you know what my position
19   is on this case.  So anything you would like to provide,
20   there's nothing I can do about this sentence.  It's 240
21   months.
22            MR. WEEDEN:  And I agree, Judge.
23       He has family members here today and I tried to explain
24   that to them and they certainly find this position we're in
25   to be --
```

```
 1              THE COURT:  Well, they should contact the senators
 2   and the congressmen because this is outrageous.
 3              MR. WEEDEN:  I told --
 4              THE COURT:  Now Mr. -- let's not make any bones
 5   about this.  Mr. Dowe is not a saint, but he should be given
 6   an opportunity for rehabilitation in a reasonable period of
 7   time, especially considering the fact that he's only spent
 8   61 days in jail in his entire life.  I don't know what
 9   message this is sending except for a horrible message, but
10   be that as it may.
11        Mr. Dowe, would you like to say something?
12              THE DEFENDANT:  Yes, ma'am.  I'd just like to
13   apologize to the Court and the United States government and
14   to my family about everything that just happened and I know
15   I don't deserve all this time, but --
16              THE COURT:  Well, you should still try to make the
17   best of it.
18              THE DEFENDANT:  Yes, ma'am, I will.
19              THE COURT:  All right.
20              MR. WEEDEN:  I tried to explain to Mr. Dowe as
21   well that within the year if he were to provide cooperation,
22   substantial assistance, that perhaps we could come back for
23   a Rule 35.  We talked about that.  He feels that people that
24   were all involved have all pled.  He's not really sure --
25   he's telling me he can't provide any further information.
```

```
 1  But the government thinks that he might know of some other
 2  individuals out there that were not indicted.  And I
 3  certainly continue to encourage Mr. Dowe if he thinks of
 4  somebody and I would certainly do my best to get him in for
 5  a proffer to try to do something to get around this, but at
 6  this point we have not reached that.
 7            THE COURT:  All right.  Would you like to present
 8  any additional information?
 9            MR. WEEDEN:  No, Your Honor.  I'd just like to
10  acknowledge the people that's here today.  Everybody here
11  for Kemo Dowe, please stand up.
12            UNIDENTIFIED PERSON:  Can we say something?  Did
13  you read the letter?
14            THE COURT:  You can say what you want.  I don't
15  have any discretion.  This sentence is predetermined.
16  There's nothing I can do about this sentence.
17            UNIDENTIFIED PERSON:  Who do we talk to?
18            THE COURT:  Your senator and your congressman and
19  Mr. Boggs.  It's their sentence.
20            UNIDENTIFIED PERSON:  Because this is inhumane for
21  this man who did 61 days out of his whole life and get a
22  just a regular sentence of 20 years?  Where in the United
23  States did we do this?  This is not America.  Are you
24  kidding me?  He didn't kill nobody.
25            UNIDENTIFIED PERSON:  No robbery, no murder, no
```

```
 1  rape, no home invasion, nothing like that.
 2           UNIDENTIFIED PERSON:  You want him to tell on
 3  people that's already been convicted?
 4           THE COURT:  You know, all I can tell you is write
 5  your congressman and your senators because there's nothing
 6  that I can do about this.
 7           UNIDENTIFIED PERSON:  Can I say something?
 8           THE COURT:  Sure.
 9           UNIDENTIFIED PERSON:  His attorney says he won't
10  cooperate but no agents ever approach him.
11           THE COURT:  Well, see, I'm not allowed to get
12  involved in that.  That's between --
13           UNIDENTIFIED PERSON:  But my thing --
14           THE COURT:  -- between Mr. Dowe and his attorney
15  and Mr. Boggs.  That's not something --
16           UNIDENTIFIED PERSON:  He should be given a chance.
17  If you don't give him the opportunity to work and do
18  something, how is he going do it?  You got a lawyer who
19  don't have no respect, just -- just -- just noncompliant of
20  nothing.
21           THE COURT:  Okay.  Well, I understand your
22  frustrations.  I share in your frustration.  There's just
23  nothing we can do about it today.
24           UNIDENTIFIED PERSON:  It's ridiculous.
25           MR. WEEDEN:  I can tell the Court if Mr. Dowe
```

```
 1  tells me he wants to talk to some agents, have some
 2  information to provide to them, I will certainly arrange for
 3  them to talk to them, but until to this point he's told me
 4  he doesn't want to talk to any agents, Judge.  And I
 5  appreciate and I understand their anger about this, but I
 6  would certainly never stand back a client in terms of
 7  talking to an agent.  I'd certainly want the agent --
 8              THE COURT:  I would assume the government would
 9  also like to get whatever information they can.
10       Mr. Boggs, would you like to say anything?
11              MR. BOGGS:  Yes, Your Honor.
12       As you know, our office policy is to file enhancements
13  where they're available.  That's our office's interpretation
14  of the Attorney General's memorandum, that we have to file
15  them for the most serious readily proveable charge and
16  that's what we have done in this case.  As you know, in this
17  case there are 15 defendants in this case, and I think I
18  filed substantial assistance motions for eight, nine, a very
19  large number of them.  I've had scores of meetings with
20  defendants, and even today the opportunity is not foreclosed
21  to Mr. Dowe to come in and talk with us.  We have been ready
22  and available from the beginning of this case.  And
23  unfortunately Mr. Dowe has chosen not to talk with us.  If
24  he changes his mind, I can say I told his attorney that
25  there are other people related to this case that we are
```

```
 1  looking at charging, and I do believe that he knows these
 2  people and would have information with regard to these
 3  people.  I have communicated that to his attorney throughout
 4  the course of this case.
 5       Mr. Dowe, as you mentioned, does have a serious
 6  criminal history.  I'm sorry that he did not avail himself
 7  of the opportunity.
 8            THE COURT:  I disagree with you that he has a
 9  serious criminal history.  That's the problem in this case,
10  but go ahead.
11            MR. BOGGS:  Well, it's a penalty that under the
12  guidelines is in excess of the mandatory minimum.  So under
13  the guidelines it certainly is a serious, serious criminal
14  history.  But in any event, he has substantial assistance
15  language in his plea agreement and the opportunity is not
16  foreclosed, but I can't make him come to the table.
17            THE COURT:  The Court has asked the defendant why
18  judgment should not now be pronounced.  After hearing the
19  defendant's response the Court has found no cause to the
20  contrary.  The parties have made statements on their behalf
21  or have waived the opportunity to do so.
22       The Court has reviewed the presentence report and the
23  advisory guidelines. Pursuant to Title 18, United States
24  Code, Sections 3551 and 3553, it is the judgment of the
25  Court based upon the mandatory minimum that you are hereby
```

```
 1  committed to the custody of the Bureau of Prisons to be
 2  imprisoned for a term of 240 months.  Upon release from
 3  imprisonment you shall be placed on supervised release for a
 4  term of 10 years.
 5       The mandatory drug testing requirements of the Violent
 6  Crime Control Act are imposed.  The Court orders you to
 7  submit to random drug testing not to exceed 104 tests per
 8  year.
 9       While on supervised release you shall comply with the
10  standard conditions adopted by the Court in the Middle
11  District of Florida.
12       In addition, you shall participate in a substance abuse
13  program and follow the probation officer's instructions
14  regarding the implementation of this Court directive.
15       Further, you shall contribute to the cost of these
16  services not to exceed an amount determined reasonable by
17  the probation office's sliding scale for substance abuse
18  treatment services.
19       During and upon completion of this program you're
20  directed to submit to random drug testing.
21       You shall cooperate in the collection of DNA as
22  directed by the probation officer.
23       Based upon your limited financial status, the fine is
24  waived.  In lieu of paying a fine, you shall perform 50
25  hours of community service as a condition of supervised
```

```
 1  release.
 2         It's further ordered that you shall pay to the United
 3  States a special assessment of $100 which is due
 4  immediately.
 5         It's further ordered you shall forfeit to the United
 6  States any assets previously identified in the plea
 7  agreement that are subject to forfeiture.
 8         The guideline range exceeds 24 months.  The reason for
 9  imposing the selected sentence is the mandatory minimum.
10         The Court has accepted the plea agreement because it is
11  satisfied that the agreement adequately reflects the
12  seriousness of the actual offense behavior, that accepting
13  the plea agreement will not undermine the statutory purposes
14  of sentencing.
15         You're hereby remanded to the custody of the United
16  States Marshal to await designation by the Bureau of
17  Prisons.
18         The Court requests that you be placed at Coleman so
19  that you can be close to your family.
20         The Court having pronounced sentence, does counsel for
21  the defendant or the government have any objections to the
22  sentence or to the manner in which the Court has pronounced
23  sentence?
24              MR. BOGGS:  No, Your Honor.
25              MR. WEEDEN:  No lawful objection, Judge.
```

```
 1              THE COURT:  To the extent permitted by your plea
 2   agreement, you are now advised that it is your right to
 3   appeal from this sentence within 14 days of today's date or
 4   from the date judgment is recorded, whichever is later.
 5   Failure to appeal within the 14 day period shall be a waiver
 6   of your right to appeal.  The government may file an appeal
 7   from this sentence.  You're also advised that you're
 8   entitled to assistance of counsel in taking an appeal.  If
 9   you're -- are you court appointed?
10              MR. WEEDEN:  Yes.
11              Mr. Weeden will continue to represent you in that
12   regard unless permitted to withdraw.
13              (sentencing concluded at 9:29 a.m.)
14                     C E R T I F I C A T E
15              I certify that the foregoing is a correct
16   transcript from the record of proceedings in the
17   above-entitled matter.
18
19   s\Sandra K. Tremel                 October 26, 2012
20
21
22
23
24
25
```

